**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JUAN DIEGO FLOREZ BAENA,

                Petitioner,

-vs-                                            Case No. 6:10-cv-976-Orl-28GJK

ANGELA ARAMBURO VELEZ,

                Respondent.
_____

## ORDER and NOTICE OF HEARING

Juan Diego Florez Baena ("Mr. Baena") has filed a verified Petition for Return of Child to Petitioner and Petition for Immediate Issuance of Show Cause Order to Respondent (Doc. 1). The Petition was filed pursuant to the Hague Convention on the Civil Aspects of International Child Abduction ("the Convention") and its implementing legislation, the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. §§ 11601-11611. Mr. Baena claims that his ex-wife, Respondent Angela Aramburo Velez ("Ms. Velez"), has wrongfully retained the parties' minor child (DOB April 16, 2006) in the United States after removing her from Colombia, which Mr. Baena asserts was the child's habitual residence, in February 2009.[1] Mr. Baena requests that this Court issue a show cause Order, direct that

---

[1] The Hague Convention "does not provide for a determination of custody rights or the merits of a custody dispute"; its "underlying premise is that the child's country of habitual residence is the proper forum with jurisdiction to issue custody orders." Leslie v. Noble, 377 F. Supp. 2d 1232, 1238 (S.D. Fla. 2005). Thus, this Court's task is not to resolve the question of custody but only to address the issue of whether the child was wrongfully

that Order be immediately served on Ms. Velez, and direct that Ms. Velez promptly be directed to appear with the child before this Court. (Doc. 1 at 8).

Under the Convention, the Court is obligated to act expeditiously in these proceedings. (See Convention art. 11). ICARA provides that this Court "may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition." 42 U.S.C. § 11604(a). The Court concludes that based on the verified petition submitted by Mr. Baena, a showing has been made that some relief is warranted to assure the continued presence of the child in this jurisdiction pending a hearing on the merits of Mr. Baena's petition. Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. Pending the hearing noticed below, Respondent Angela Aramburo Velez shall not take any action, or aid and abet others to take any action, to remove the child from the jurisdiction of this Court absent permission of this Court. If Respondent changes her residence of the residence of the child, she shall immediately advise the Court of the address of the child's or her new residence.

2. The United States Marshal shall serve Respondent with a copy of this Order and of the verified Petition (Doc. 1) that has been filed in this case. Such service shall be made at Respondent's address: 3771 Grandewood Boulevard, Apartment 234, Orlando, Florida 32837-7350. At the time this Order is served on Respondent, Respondent shall surrender

---

removed from Colombia.

all travel documents of the child, including, but not limited to:  United States passports, Colombian passports, birth certificates, travel visas, and social security cards.

3.  Any and all travel documents seized by the United States Marshal in accordance with paragraph 2 above shall be held by the Clerk of the Court pending further Order of Court.

4.  After being served with this Order and surrendering the travel documents as set forth in paragraph 2 above, Respondent shall not take any action to obtain replacement travel documents for the child, pending further Order of Court.

5.  On **Monday, July 19, 2010**, **at 1:30 p.m.** in Courtroom #6B, George C. Young United States Courthouse Annex, 401 W. Central Boulevard, Orlando, Florida, before the Honorable John Antoon II, **Petitioner and Respondent shall appear and be heard** regarding the merits of the Petition (Doc. 1).  Petitioner states in his verified Petition that he is unable to travel to the United States because he is unable to obtain a visa allowing him to do so, (Doc. 1 at 4); accordingly, Petitioner may be heard through counsel but shall also be available by telephone.

6.  No later than three business days before the date of the hearing, counsel shall confer by telephone or in person in a good faith effort to resolve the issues raised and also to narrow the contested issues of fact and law that the Court must resolve.  All exhibits should be marked before the hearing, listed on an exhibit list, and copies of all documentary exhibits shall be provided to opposing counsel and to the Court at the beginning of the hearing.  See Local Rule 3.07 (marking and listing exhibits).  To spare the Court unnecessary preparation, counsel who are successful in their efforts to resolve such matters

by agreement shall so advise the Court jointly no later than three business days before the hearing.

**DONE** and **ORDERED** in Orlando, Florida this 30th day of June, 2010.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
United States Marshal


PLEASE NOTE: Photo I.D. is required to enter the United States Courthouse. Also, cellular telephones and laptop computers are prohibited in the Courthouse.